IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Steven H. Matthews, | Civil Action No. 8:08-1919-TLW-BHH |
| Plaintiff, | |
| vs. | **ORDER** |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

On May 15, 2008, Plaintiff Steven Matthews brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of Michael J. Astrue, Commissioner of Social Security. Plaintiff filed his brief on October 30, 2008. Defendant filed his brief on December 9, 2009. This matter is before the Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 83.VII.02 (D.S.C.). In her Report, Judge Hendricks recommends that the Commissioner's decision be affirmed. On April 14, 2009, the Plaintiff filed objections to the Report. (Doc. # 23).

This Court is charged with reviewing the Magistrate's Report and the Petitioner's objections thereto. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not

objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This Court has carefully reviewed the Report, the briefs, and the referenced medical records. The Magistrate Judge concludes there is sufficient contradictory evidence in the record for the ALJ to determine that the claimant was not disabled. The Magistrate Judge's analysis is well-written, detailed, and thoughtful. Her conclusions are supported by the record and she has given careful consideration to the issues in this case with supporting case law. She outlines the contradictory evidence of record in relation to Dr. Durrett's conclusions. She outlines that evidence with precision. She notes that the "ALJ expressly relied not on his own assessment, but on Dr. Toomer's and Dr. Martinez de Andino's interpretation of the MRI results." She finds "no technical error in the ALJ's determination that he had substantial evidence to diminish Dr. Durrett's opinion." There are valid reasons to adopt the Report in this case.

However, the Magistrate Judge also states that "[t]he ALJ has overreached in concluding that Dr. Durrett's opinion was somehow inconsistent with his own treating notes." She also states that ALJs should not interpret raw medical data, but notes "in this case, some of the ALJ's consideration comes problematically close to that line." This Court, even in light of the quoted language from the Report, does agree there is contradictory evidence of record which supports the ALJ's interpretation of the MRI results and its impact on Dr. Durrett's conclusions. This Court is not prepared to conclude the ALJ clearly overstepped the bounds of proper analysis.

However, the quoted concerns set forth by the Magistrate Judge are sufficient to cause this Court to remand this case for a review of the evidence by the Commissioner of Social Security to

ensure that <u>if</u> any improper evaluation of raw medical data occurred, it does not change the result reached in light of other medical conclusions.

For the reasons set forth, this case is remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). This remand is for the limited purpose of reviewing the issue related to evaluation of raw medical data, and a determination, if it occurred, whether the ALJ's conclusion was still proper based on contradictory evidence of record.

**IT IS SO ORDERED**.

S/ Terry L. Wooten
Terry L. Wooten
United States District Judge

August 27, 2009
Florence, South Carolina